```
                                                    FILED
                                                08 JAN 31 PM 2: 45

                                                RICHARD W. WIEKING
                                                CLERK, U.S. DISTRICT COURT
                                                N. DISTRICT OF CALIFORNIA
```

1  David C. Hsia, State Bar No. 197391
   Carmen C. Cook, State Bar No. 197708
2  Patent Law Group LLP
   2635 N. First Street, Suite 223
3  San Jose, California 95134
   Telephone:  (408) 382-0480
4  Facsimile:  (408) 382-0481

5  Attorneys for Defendant
   Integrated Silicon Solution, Inc.
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN FRANCISCO DIVISION

10

11 | Peng Tan, an individual                     ) Case No.: C 07-06166 WHA
                                                 )
12 |         Plaintiff,                          )
                                                 )
13 |    vs.                                      ) **DEFENDANT INTEGRATED SILICON
                                                 ) SOLUTION, INC.'s ANSWER AND
                                                 ) COUNTERCLAIMS**
14 | Integrated Silicon Solution, Inc., a Delaware )
     corporation; and, Winbond Electronics       ) **DEMAND FOR JURY TRIAL**
15 | Corporation, a Taiwanese corporation        )
                                                 )
16 |                                             )
             Defendants.                         )
17 |_____)

18                              **ANSWER**

19       Defendant Integrated Silicon Solution, Inc. ("ISSI") hereby answers Plaintiff Peng Tan's

20 ("Tan") Complaint for Patent Infringement as follows:

21

22                          **Jurisdiction and Venue**

23       1.    ISSI admits that this Court has subject matter jurisdiction over this action. Except as

24 thus expressly admitted, ISSI denies the allegations of Paragraph 1.

25       2.    ISSI admits that personal jurisdiction in this case exists with respect to ISSI. To the

26 extent that the allegations of Paragraph 2 are directed at defendants other than ISSI, ISSI lacks

27 knowledge or information sufficient to admit or deny the allegations of Paragraph 2, and on that

28

DEFENDANT ISSI's Answer and Counterclaims – Case No. C 07-06166 WHA

1  basis denies those allegations. Except as thus expressly admitted, ISSI denies the allegations of
2  Paragraph 2.

### Intradistrict Assignment

3.  ISSI admits the allegations of Paragraph 3 of the Complaint.

### The Parties

4.  ISSI admits the allegations of Paragraph 4 of the Complaint.
5.  ISSI admits the allegations of Paragraph 5 of the Complaint.
6.  ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6, and on that basis denies those allegations.

### First Cause of Action – Patent Infringement

7.  ISSI responds to Paragraph 7 by incorporating by reference its responses to Paragraphs 1 through 6 above.
8.  ISSI admits that United States Patent No. 4,682,857 ("the '857 patent") is entitled "Liquid Crystal Hot Spot Detection With Infinitesimal Temperature Control," and bears an issue date of July 28, 1987. ISSI further admits that the '857 patent lists Peng Tan as the sole inventor and no assignee. ISSI also admits that Tan attached what appears to be a copy of the '857 patent to its Complaint as Exhibit A. Except as thus expressly admitted, ISSI denies the allegations of Paragraph 8. The '857 patent expired on April 2, 2005.
9.  ISSI denies the allegations of Paragraph 9 that are directed toward ISSI. To the extent that the allegations of Paragraph 9 are directed toward defendants other than ISSI, ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9, and on that basis denies those allegations.
10. ISSI denies the allegations of Paragraph 10 that are directed toward ISSI. To the extent that the allegations of Paragraph 10 are directed toward defendants other than ISSI, ISSI lacks

knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and on that basis denies those allegations.

11. ISSI denies the allegations of Paragraph 11 that are directed toward ISSI. To the extent that the allegations of Paragraph 11 are directed toward defendants other than ISSI, ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11, and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

In further answer to Tan's Complaint, and as affirmative defenses, but without assuming a burden that it would not otherwise have, ISSI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (35 U.S.C. §§ 101, 102, 103, and/or 112)

12. The '857 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches)

13. Tan's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution Laches)

14. Tan's claims are barred in whole or in part by the doctrine of prosecution laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Affirmative Defenses)

15. ISSI reserves the right to assert additional affirmative defenses in the event discovery or other analysis indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

Defendant and Counterclaimant Integrated Silicon Solutions, Inc. ("ISSI") hereby alleges for its Counterclaims against Plaintiff and Counterclaim-Defendant Peng Tan on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### The Parties

16. ISSI is a corporation organized under the laws of Delaware and having a place of business on 1940 Zanker Road, San Jose, CA 95112. ISSI is engaged in the business of designing, developing and marketing high performance integrated circuits.

17. Peng Tan ("Tan") is an individual having a residence at 7530 Circulo Sequoia, Carlsbad, CA 92009.

### Jurisdiction and Venue

18. By its Counterclaim, ISSI seeks a declaration that: (i) it does not infringe directly or indirectly United States Patent No. 4,682,857 ("the '857 patent") purportedly owned by Tan; (ii) the '857 patent is invalid; and (iii) the '857 patent is unenforceable.

19. This Court has subject matter jurisdiction over this Counterclaim pursuant to 35 U.S.C. §1 *et seq.*, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as this is an action arising under the patent laws of the United States. Further, an actual, substantial, and continuing justiciable controversy exists between ISSI and Tan with respect to which ISSI requires a declaration of its rights by this Court.

20. This Court has personal jurisdiction over Tan because Tan has commenced the underlying patent infringement action in this Court.

21. If venue is proper for the underlying patent infringement action brought by Tan, then it is also proper for ISSI's Counterclaim under 28 U.S.C. §§ 1391(b), 1931(c), and 1400(b), because, among other reasons, Tan filed the underlying action in this venue.

## FIRST COUNTERCLAIM

### (Declaratory Relief Regarding the Tan Patent)

22. ISSI incorporates and realleges Paragraphs 1-21 above as if set forth fully herein.

23. Tan alleges that he is the sole owner of the '857 patent.

24. On or about December 5, 2007, Tan filed a Complaint for Patent Infringement alleging direct and indirect infringement of the '857 patent, naming ISSI as a defendant.

25. The '857 patent expired on April 2, 2005. On and prior to April 2, 2005, ISSI has not infringed, directly or indirectly, any valid and enforceable claim of the '857 patent, either literally or under the doctrine of equivalents.

26. The '857 patent is invalid because the '857 patent fails to satisfy the conditions and requirements for patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. The '857 patent is unenforceable due to wavier, estoppel, laches and/or prosecution laches.

28. A valid and justiciable controversy has arisen and exists between ISSI and Tan based on Tan having filed a Complaint alleging infringement of the '857 patent. ISSI desires a judicial determination and a declaration of the respective rights of the parties regarding the '857 patent.

## PRAYER FOR RELIEF

WHEREFORE, ISSI requests that this Court enter Judgment in its favor, deny all the relief requested by the Plaintiff, as follows:

A. Dismissing Tan's Complaint with prejudice and declaring that Tan takes nothing by way of its Complaint;

B. Declaring that ISSI has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 4,682,857.

C. Declaring that U.S. Patent No. 4,682,857 is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112;

   D.   Declaring that U.S. Patent No. 4,682,857 is unenforceable due to wavier, estoppel, laches and/or prosecution laches;

   E.   Awarding ISSI its costs and disbursements in this action, including reasonable attorneys' fees; and

   F.   Awarding ISSI such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant ISSI requests a trial by jury of all issues so triable in this action.

Dated: January 31, 2008                    Respectfully submitted,

                                           By: _____
                                           David C. Hsia, State Bar No. 197391
                                           Carmen C. Cook, State Bar No. 197708
                                           Patent Law Group LLP
                                           2635 N. First Street, Suite 223
                                           San Jose, California 95134
                                           Telephone:  (408) 382-0480
                                           Facsimile:  (408) 382-0481

                                           Attorneys for Defendant
                                           Integrated Silicon Solution, Inc.

Case Name: Peng Tan v. Integrated Silicon Solution, Inc., et al.
Case No. C 07-06166 WHA

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2635 N. First Street, Suite 223, San Jose, California 95134. On January 31, 2008, I served the following document(s):

**DEFENDANT INTEGRATED SILICON SOLUTION, INC.'s ANSWER AND COUNTERCLAIMS**

☐ I caused a copy of the document(s) listed above to be personally served to the person(s) at the address(es) set forth below.

☐ I caused a copy of the document(s) listed above to be transmitted during regular business hours using a facsimile machine that complies with California Rules of Court Rule 2003, and the transmission was reported as complete and without error. Pursuant to California Rules of Court 2006(d) a copy of the transmission report, properly issued by the transmitting machine, is attached to this declaration. The names and facsimile numbers of the person(s) served are as set forth below.

☐ By depositing a true copy of the document(s) listed above, with delivery fees provided for, in a Federal Express pick-up box or office designated for overnight delivery, and addressed as set forth below.

☒ By placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below. I am readily familiar with the company's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service, on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

> Michael E. Dergosits
> Dergosits & Noah LLP
> Four Embarcadero Center, Suite 1450
> San Francisco, California 94111
> Telephone: (415)705-6377
> Facsimile: (415)705-6383

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 31, 2008, at San Jose, California.

*/s/ Linda Richardson*
Linda Richardson