1  MICHAEL E. DERGOSITS (State Bar No. 118206)
   TEDDY K. JOE (State Bar No. 242589)
2  **DERGOSITS & NOAH LLP**
   Four Embarcadero Center, Suite 1450
3  San Francisco, CA 94111
   Telephone: (415) 705-6377
4  Facsimile: (415) 750-6383
   Email: mdergosits@dergnoah.com
5         tjoe@dergnoah.com

6  Attorneys for Plaintiff and Counterdefendant
   Peng Tan
7
   Justin T. Beck (State Bar No. 531138)
8  Alfredo A. Bismonte (State Bar No. 136154)
   Ron C. Finley (State Bar No. 200549)
9  Craig Alan Hansen (State Bar No. 209622)
   **Beck, Ross, Bismonte & Finley LLP**
10 50 West San Fernando Street, Suite 1300
   San Jose, CA 95113
11 Tel: (408) 938-7900
   Fax: (408) 938-0790
12 Email: jbeck@beckross.com
          abismonte@beckross.com
13        rfinley@beckross.com
          chanson@beckross.com
14
   Attorneys for Defendant and Counterclaimant
15 Integrated Silicon Solution, Inc.

16              **UNITED STATES DISTRICT COURT**

17           **NORTHERN DISTRICT OF CALIFORNIA**

18               **SAN FRANCISCO DIVISION**

19
   PENG TAN, an individual                    | **Civil Action No: 3:07-cv-07-6166 (WHA)**
20
       Plaintiff,
21
   v.                                          **[DRAFT] JOINT CASE MANAGEMENT
22                                             STATEMENT AND [PROPOSED]
                                               ORDER**
23 INTEGRATED SILICON SOLUTION, INC., a
   Delaware corporation; and, WINBOND         **Conference: March 6, 2008, 11:00 a.m.**
24 ELECTRONICS CORPORATION, a               **Judge: Hon. William H. Alsup**
   Taiwanese corporation                       **Courtroom: 9 on the 19th Floor**
25
       Defendants.
26

27

28

                                   1

1    Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), Plaintiff and Counterdefendant

2    Peng Tan. ("Tan") and Defendant and Counterclaimant Integrated Silicon Solution, Inc. ("ISSI")

3    jointly submit this Case Management Statement and Proposed Order and request the Court to

4    adopt it as the Case Management Order in this case.

5        **1.  Jurisdiction and Service**

6        The Court has subject matter jurisdiction over Mr. Tan's claims for patent infringement

7    under 35 U.S.C. §§ 271 and 281, and 28 U.S.C. § 1338(a). The Court has subject matter

8    jurisdiction over ISSI's counterclaims for declaratory judgment under 28 U.S.C. §§ 1331,

9    1338(a), 2201 and 2202, and Rule 13 of the Federal Rules of Civil Procedure.

10        The parties agree that the Court has personal jurisdiction over them.  Defendant Winbond

11   Electronics Corporation, has objected to service of the summons and complaint on Winbond

12   Electronics Corporation America, San Jose, CA on January 2, 2008 through legal representation

13   by Carmen Cook, Esq. of Patent Law Group LLP.  Tan is expected to file a First Amended

14   Complaint adding Winbond Electronics Corporation America as a party, and perfect service on

15   that entity shortly thereafter.  Tan is also in the process of serving the Taiwanese entity Winbond

16   Electronics Corporation in Taiwan.  Letters rogatory may be required if the Taiwanese entity

17   maintains its objections to service of process.

18        **2.  Facts**

19        Tan alleges that he is the owner of U.S. Patent No. 4,682,857 (the '857 patent") which is

20   entitled, "Liquid Crystal Hot Spot Detection With Infinitesmal Temperature Control."  Tan also

21   alleges that ISSI manufactures and sells Liquid Crystal Hot Spot Detection With Infinitesmal

22   Temperature Control and memory microcontroller products.  Tan has accused ISSI of infringing

23   Claims 1-10 of the '857 patent by using the patented method in failure analysis of its products.

24        Tan has advised ISSI that he is not presently asserting Claim 11 but that he may seek

25   leave from the Court to assert Claim 11 in the future if it survives reexamination.  ISSI will not

26   consent to the addition of Claim 11.  ISSI understands that it is not being accused of infringing

27   Claim 11 and contends that it does not infringe the asserted claims (1-10) of the '857 patent and

28   that the '857 patent is invalid. Tan admits that Claim 11 of the '857 patent has been finally

2

1  rejected by the USPTO in Reexamination Control No. 90/006696, but Tan has requested

2  reconsideration of the decision by the Board of Patent Appeals and Interferences.

3      The parties dispute all of the factual issues underlying a determination whether the '857

4  patent is infringed, the validity of the '857 patent, whether it is enforceable, and whether any

5  remedy is thereby appropriate.

6

7      **3. Legal Issues**

8      The principal legal issues in dispute are:

9          (a) the construction of the claims of the '857 patent;

10          (b) whether the '857 patent as construed is infringed under 35 U.S.C. § 271;

11          (c) whether the '857 patent is invalid under 35 U.S.C. §§ 102, 103 and 112; and

12          (d) whether this case is exceptional under 35 U.S.C. § 285;

13      **4. Motions**

14      There are no motions currently pending and at this early stage of the case, the Tan does

15  not presently contemplate any motion practice.

16      ISSI would file a motion to stay the pending completion of the reexamination process of

17  the '857 patent if Claim 11 was being asserted.  If Tan only asserts Claims 1-10 of the '857

18  patent, ISSI will promptly file a motion for summary judgment of non-infringement.

19      **5. Amendment of Pleadings**

20      The parties expect Tan to request to file a First Amended Complaint adding a new

21  Winbond entity defendant (referenced above).  ISSI expects to file a First Amended Answer and

22  Counterclaim in response. The parties cannot, of course, anticipate the actions of either Winbond

23  entity, none of whom have filed appearances.

24      **6. Evidence Preservation**

25      Both parties have taken steps to preserve evidence relevant to the issues reasonably

26  evident in this action. The parties have been instructed by their attorneys to suspend any and all

27  document destruction programs, and any erasures of e-mails, including ongoing or automatic

28  erasures, as well as erasures or destruction of any other information stored in electronic form.

The parties have agreed that, in general, electronic voice mail does not have to be preserved at this time; however, both parties reserve the right to seek information contained in voice mail messages pursuant to a specific written discovery request.

**7.  Disclosures**

The parties plan to exchange initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than March 3, 2008.

**8.  Discovery**

No discovery has taken place. If necessary, the parties anticipate taking discovery to the fullest extent of the scope permitted under the Federal Rules of Civil Procedure. At this time, the parties do not anticipate any proposed limitations or modifications of the discovery rules set forth in the Federal Rules of Civil Procedure, but request that the Court's case management and scheduling order allow the parties to modify the number of depositions and interrogatories by agreement without seeking leave of court.

**9.  Class Actions**

This case is not a class action.

**10. Related Cases**

The only related cases or proceedings pending before another judge of this court, or before another court or administrative body is the reexamination of the '857 patent.

**11. Relief**

Tan seeks the following relief through its complaint: (a) a declaration that ISSI has infringed one or more claims of the '857 patent; (b) damages caused by the infringement of the '857 patent; (c) trebling of those damages pursuant to 35 U.S.C. § 284; (d) pre-judgment and post-judgment interest on the damages; and (e) costs and attorneys fees pursuant to 35 U.S.C. § 285.

ISSI seeks the following relief by way of its counterclaim: (a) dismissal of Tan's complaint; (b) a declaration that the claims of the '857 patent are not infringed and invalid; and (c) a declaration that this case is exceptional and an award of costs and attorneys fees.

**12. Settlement and ADR**

4

1    The parties have tentatively discussed settlement. The parties have met and conferred to

2    discuss ADR options as required by ADR L.R. 3-5 and agreed to seek mediation before a

3    Magistrate Judge.

4    **13. Consent to Magistrate Judge For All Purposes**

5    The parties have not consented to have a magistrate judge conduct all further proceedings

6    in this matter.

7    **14. Other References**

8    The parties do not believe that this case is suitable for reference to binding arbitration, a

9    special master, or the Judicial Panel on Multidistrict Litigation.

10    **15. Narrowing of Issues**

11    At this time, the parties have not identified any issues that can be narrowed by agreement

12    or by motion. Similarly, it is too early for the parties to suggest ways to expedite the presentation

13    of evidence at trial, although the parties expect to be able to do so once evidence is developed

14    during discovery. The parties are not requesting the Court to bifurcate any issues, claims or

15    defenses.

16    **16. Expedited Schedule**

17    Tan does not believe that this patent infringement action is the type of case that can be

18    handled on an expedited basis with streamlined procedures.

19    ISSI, as set forth in Section 17 below, does believe this case which deals with an expired

20    patent, which was only used to undertake failure analysis of semiconductors, would benefit from

21    an early motion for summary judgment.

22    **17. Scheduling**

23    Tan has proposed dates for designation of experts, discovery cutoff, hearing of

24    dispositive motions, pretrial conference and trial are set forth in the proposed scheduling order

25    that follows.

26    ISSI believes that the most efficient and least expensive way to proceed is for the Court

27    to hear ISSI's early motion for summary judgment and that further proceedings should be

28

5

1   scheduled only after the hearing and resolution of that matter.  *See* Patent Local Rule 1-2

2   (1/1/2001 ver.); *see also* Patent Local Rule 1-3 (effective 3/1/08).

3       **18. Trial**

4       The case will be tried to a jury and the parties expect that the trial will take approximately

5   3 to 4 full court days.

6       **19. Disclosure of Non-party Interested Entities or Persons**

7       Each party has filed the "Certification of Interested Entities or Persons required by Civil

8   Local Rule 3-16.  Tan identifies the following persons, firms, partnerships, corporations

9   (including parent corporations) or other entities known by Tan to have either: (a) a financial

10  interest in the subject matter in controversy or in a party to the proceeding; or (b) any other kind

11  of interest that could be substantially affected by the outcome of the proceeding:

12          (a) Peng Tan

13          (b) Dergosits & Noah LLP

14      Other than the parties to the litigation, ISSI is unaware of persons, firms, partnerships,

15  corporations (including parent corporations) or other entities known by ISSI to have either: (a) a

16  financial interest in the subject matter in controversy or in a party to the proceeding; or (b) any

17  other kind of interest that could be substantially affected by the outcome of the proceeding.

18      **20. Other Matters**

19      At this time, the parties are not aware of any other matters as may facilitate the just,

20  speedy and inexpensive disposition of this matter.

21      **21. Modifications of Deadlines in the Patent Local Rules**

22      At this time, Plaintiff Tan does not see any need to modify any of the deadlines provided

23  for in the Patent Local Rules. The proposed scheduling and case management order suggested by

24  Tan below incorporates the deadlines set forth in the Patent Local Rules.

25      ISSI, however, believes that given the nature of this case, it makes sense to give it an

26  opportunity for an early, focused motion for summary judgment, which should not require any

27  prior Markman hearing.  In light of this, ISSI has proposed in Section 26 below, a schedule

28

1  which is an alternative to that proposed by Plaintiff and which defers unnecessary efforts until

2  the Court's consideration of summary judgment.

3  **22. Live Testimony at the Claim Construction Hearing**

4  It is too early for the parties to determine whether live testimony may be needed or

5  desirable at the claim construction hearing. The parties reserve the right to request such

6  testimony at a future time. The parties do request that the Court reserve time before the claim

7  construction hearing for a tutorial on the invention described and claimed in the '857 patent.

8

9  **23. Limits on Discovery Relating to Claim Construction**

10  At this time, the parties do not see a need for any specific limits on discovery related to

11  claim construction other than those imposed generally by the Federal Rules of Civil Procedure.

12  **24. Order of Presentation at Claim Construction Hearing**

13  As plaintiff, Tan will present its argument first at the claim construction hearing.

14  **25. Claim Construction Prehearing Conference**

15  The parties request that the Court reserve time on its schedule for a claim construction

16  pre-hearing conference the day prior to the claim construction hearing. The Court can determine

17  at a later date if such a prehearing conference would be helpful to it. If the Court desires a

18  tutorial on the technology and the patent, such a tutorial could be presented at the prehearing

19  conference.

20

21  **26. Proposed Scheduling and Case Management Order**

22  The parties disagree on the proposed scheduling and case management.

23  Tan, proposes that the Court enter the following scheduling and case management order:

| EVENT | DATE |
| --- | --- |
| Initial Case Management Conference | March 6, 2008 |
| Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions and Accompanying Document Disclosure due (PLR 3-1, 3-2) | March 20, 2008 |
| Defendant ISSI's Preliminary Invalidity Contentions and | May 23, 2008 |

7

| | |
|---|---|
| Accompanying Document Disclosure due (PLR 3-3, 3-4) | |
| Simultaneous exchange of Proposed Terms and Claim Elements for Construction (PLR 4-1(a)) | June 9, 2008 |
| Meet and confer re: Proposed Terms and Claim Elements for Construction (PLR 4-1(b)) | June 9, 2008 |
| Simultaneous exchange of Preliminary Claim Constructions and Extrinsic Evidence (PLR 4-2(a),(b)) | July 8, 2008 |
| Initial meet and confer re: preparing a Joint Claim Construction and Pre-hearing Statement (PLR 4-2(c)) | July 7, 2008 |
| Joint Claim Construction and Pre-hearing Statement due (PLR 4-3) | August 19, 2008 |
| Discovery on claim construction closes (PLR 4-4) | October 1, 2008 |
| Plaintiff's opening claim construction brief due (PLR 4-5(a)) | October 23, 2008 |
| Defendant ISSI's opposition due (PLR 4-5(b)) | November 13, 2008 |
| Plaintiff's reply due (PLR 4-5(c)) | November 24, 2008 |
| Tutorial | TBD |
| Exchange of exhibits to be used at the Claim Construction Hearing | 1 week prior to Claim Construction hearing |
| Claim Construction Hearing (PLR 4-6) | August 28, 2008 or TBD subject to the convenience of the Court's calendar |
| Plaintiff's Final Infringement Contentions (PLR 3-6(a)) | 30 days after entry of Claim Construction order |
| Defendant ISSI's Final Invalidity Contentions (PLR 3-6(b)) | |
| Defendant ISSI's Production of Opinions re: Willful Infringement (PLR 3-8) | 50 days after entry of Claim Construction Order |
| | |
| Fact Discovery Closes | 110 days after entry of Claim Construction Order |
| Designation of Experts and Service of Expert Reports by Party With Burden of Proof on an Issue | 140 days after entry of Claim Construction Order |
| Designation of Experts and Service of Expert Reports by Party Without Burden of Proof on Issue | 170 days after entry of Claim Construction Order |

8

| Expert Discovery Closes | 200 days after entry of Claim Construction Order |
|---|---|
| Deadline for hearing dispositive motions | 260 days after entry of Claim Construction Order |
| Pretrial Conference | TBD |
| Trial | TBD |

ISSI, however, believes that the case schedule should incorporate an early motion for summary judgment by ISSI and defer contentions contemplated in the Patent Local Rules. Moreover, ISSI also believes that deferral of these standard disclosures makes sense given the proposed amendment of the complaint and possible service of the complaint (perhaps by letters rogatory) on the Taiwan based Winbond entity.

Accordingly, ISSI proposes that the Court enter the following scheduling and case management order:

| EVENT | DATE |
|---|---|
| Deadline for Plaintiff to file First Amended Complaint | March 7, 2008 |
| Deadline for Plaintiff to effect service of First Amended Complaint on all Defendants | March 21, 2008 |
| Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions and Accompanying Document Disclosure due (PLR 3-1, 3-2) | March 21, 2008 |
| Deadline for ISSI to file motion for summary judgment | April 4, 2008 |
| Deadline for Plaintiff to file opposition to ISSI motion for summary judgment | June 5, 2008 |
| Deadline for ISSI to file reply in support of its motion for summary judgment | June 12, 2008 |
| Hearing on ISSI's motion for summary judgment | June 26, 2008 |
| Further CMC if necessary in light of summary judgment ruling | July 24, 2008 |

//

//

9

1

2   Dated: February 29, 2008                    **DERGOSITS & NOAH LLP**

3

4                                       _____/s/_____
                           By:  Michael E. Dergosits

5                                Attorney for Plaintiff.

6                     **DERGOSITS & NOAH LLP**
                    Four Embarcadero Center, Suite 1450

7                     San Francisco, CA 94111
                    Telephone: (415) 705-6377

8                     Facsimile:  (415) 750-6383

9   Dated: February 29, 2008                  **BECK, ROSS, BISMONTE & FINLEY LLP**

10

11                                         _____/s/_____
                    By:  Justin T. Beck

12                     Beck, Ross, Bismonte & Finley, LLP
                    50 West San Fernando Street, Suite 1300

13                     San Jose, CA 95113
                    Tel: (408) 938-7900

14                     Fax: (408) 938-0790

15                     David C. Hsia, State Bar No. 197391
                    Carmen C. Cook, State Bar No. 197708

16                     Patent Law Group LLP
                    2635 N. First Street, Suite 223

17                     San Jose, California 95134
                    Telephone: (408) 382-0480

18                     Facsimile: (408) 382-0481

19                     Attorneys for Integrated Silicon
                    Solution, Inc.

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-06166 (WHA)