MICHAEL E. DERGOSITS (State Bar No. 118206)
TEDDY K. JOE (State Bar No. 242589)
**DERGOSITS & NOAH LLP**
Four Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:  (415) 705-6377
Facsimile:   (415) 705-6383
email: mdergosits@dergnoah.com
email: tjoe@dergnoah.com

Attorneys for PENG TAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PENG TAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SILICON SOLUTIONS, INC., a Delaware corporation; and WINBOND ELECTRONICS CORPORATION, a Taiwanese corporation<br><br>Defendants. | Civil Action No:  C 07-06166 WHA<br><br>**PLAINTIFF PENG TAN'S ANSWER TO COUNTERCLAIMS OF DEFENDANT INTEGRATED SILICON SOLUTIONS, INC.**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Peng Tan hereby replies to the counterclaims of Defendant Integrated Silicon Solutions, Inc. ("ISSI") and asserts the below affirmative defenses as follows:

### REPLY TO ALLEGATIONS ABOUT THE PARTIES

1.   On information and belief, Peng Tan admits the allegations of paragraph 16 of the Counterclaims, which begin on page 4 of ISSI's Answer and Counterclaims, D.I. No. 13 (the "Counterclaims").

2. Peng Tan admits the allegations of paragraph 17 of the Counterclaims.

### REPLY TO ALLEGATIONS ABOUT JURISDICTION

3. Peng Tan denies the allegations of paragraph 18 of the Counterclaims.

4. In reply to paragraph 19 of the Counterclaims, Peng Tan admits that this Court has subject matter jurisdiction action over the Counterclaims pursuant to 35 U.S.C. § 1, et seq. and 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and that this action arising under the patent laws of the United States. Peng Tan further admits that an actual, substantial and continuing justiciable controversy exists between ISSI and Peng Tan to which ISSI requires a declaration of its rights by this Court.

5. Peng Tan admits the allegations of paragraph 20 of the Counterclaims.

6. In reply to paragraph 21 of the Counterclaims, Peng Tan admits that venue is proper for the underlying patent infringement action brought by Peng Tan, and that venue is proper for ISSI's Counterclaims under 28 U.S.C. §§ 1391(b), 1931(c) and 1400(b), because Peng Tan filed the underlying action in this venue.

### REPLY TO FIRST COUNTERCLAIM FOR RELIEF
### (DECLARATORY RELIEF REGARDING THE TAN PATENT)

7. In reply to paragraph 22 of the Counterclaims, Peng Tan incorporates the admissions, denials and averments of the preceding paragraphs as though fully set forth in this paragraph.

8. Peng Tan admits the allegations of paragraph 23 of the Counterclaims.

9. Peng Tan admits the allegations of paragraph 24 of the Counterclaims.

10. Peng Tan admits that the '857 patent expired on April 2, 2005. Peng Tan denies the remaining allegations of paragraph 25 of the Counterclaims.

11. Peng Tan denies the allegations of paragraph 26 of the Counterclaims.

12. Peng Tan denies the allegations of paragraph 27 of the Counterclaims.

13.    Peng Tan admits the allegations of paragraph 28 of the Counterclaims.

### DEFENSES AND AFFIRMATIVE DEFENSES

Peng Tan asserts the following defenses and affirmative defenses to the Counterclaims (without conceding that he bears the burden of proof on any such defense):

### FIRST DEFENSE

14.    U.S. Patent No. 4,682,857 (the '857 patent) is not invalid.

### SECOND DEFENSE

15.    The '857 patent is not unenforceable due to waiver, estoppels, laches and/or prosecution laches.

### THIRD DEFENSE

16.    ISSI fails to state any counterclaim upon which relief can be granted.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Peng Tan requests that the Court:

A)    Enter judgment that ISSI has infringed the claims of the '857 patent under 35 U.S.C. § 271;

B)    Enter judgment for an accounting and an award of damages adequate to compensate Plaintiff for infringement of said Letters Patent by said Defendant ISSI, but in no event less than a reasonable royalty for the use made of the claimed inventions, together with interest thereon;

C)    Enter judgment for an increase in damages to three times the amount found or assessed as a result of willful infringement of the '857 patent by Defendant ISSI;

E)    Enter judgment that Plaintiff Peng Tan has judgment for its costs of this suit and for its reasonable attorneys' fees;

//

//

//

1        F)    Enter any such other and further relief to which Plaintiff Peng Tan may be entitled as a matter of law, or which the Court may otherwise deem just and proper.

Dated: March 3, 2008                  DERGOSITS & NOAH LLP

                                      By:        /s/
                                                  Michael E. Dergosits
                                                  Attorneys for PENG TAN

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues relating to this First Amended Complaint and any and all issues triable to a jury that will be raised by Defendants' responsive pleadings.

Dated: March 3, 2008                DERGOSITS & NOAH LLP


By:   _____/s/_____
      Michael E. Dergosits
      Attorneys for PENG TAN

1

2 **<u>FIRST AMENDED CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>**

3

4       Pursuant to Civil L.R. 3-16, the undersigned certifies that in addition to the plaintiff,

5 there are no other associations of persons, firms, partnerships, corporations (including parent

6 corporations) or other entities (i) have a financial interest in the subject matter in controversy or

7 in a party to the proceeding, or (ii) have a non-financial interest in that subject or in party that

8 could be substantially affected by the outcome of this proceeding:

9                     (a) Dergosits & Noah LLP

10

11
Dated: March 3, 2008           DERGOSITS & NOAH LLP

12

13
                       By:            /s/
14                               Michael E. Dergosits
                              Attorneys for PENG TAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Civil L. R. 5-6 on March 3, 2008.

Dated: March 3, 2008                    DERGOSITS & NOAH LLP

                                        By:      /s/
                                                Michael E. Dergosits
                                                Attorneys for PENG TAN