# EXHIBIT I

1  Justin T. Beck (Cal. Bar No. 53138)
   Alfredo A. Bismonte (Cal. Bar No. 136154)
2  Ron C. Finley (Cal. Bar No. 200549)
   Jeremy M. Duggan (Cal. Bar No. 229854)
3  Beck, Ross, Bismonte & Finley, LLP
   50 West San Fernando Street, Suite 1300
4  San Jose, CA 95113
   Tel: (408) 938-7900
5  Fax: (408) 938-0790
   Email: jbeck@beckross.com
6          abismonte@beckross.com
           rfinley@beckross.com
7          jduggan@beckross.com

8  David C. Hsia, (Cal. State Bar No. 197391)
   Carmen C. Cook (Cal.. State Bar No. 197708)
9  Patent Law Group LLP
   2635 N. First Street, Suite 223
10 San Jose, California 95134
   Telephone: (408) 382-0480
11 Facsimile: (408) 382-0481
   Email: david@patentlawgroup.com
12         carmen@patentlawgroup.com

13 Attorneys for Defendant and Cross Claimant
   Integrated Silicon Solution, Inc.

14

15              IN THE UNITED STATES DISTRICT COURT FOR THE
16                    NORTHERN DISTRICT OF CALIFORNIA

17 PENG TAN, an individual.,            | Case No. C-07-06166 WHA
18                Plaintiff,            |
                                        | **[PROPOSED] SUPPLEMENTAL**
19                                      | **ANSWER AND COUNTERCLAIM OF**
   INTEGRATED SILICON SOLUTIONS, INC.   | **DEFENDANT INTEGRATED**
20 et. al.                              | **SILICON SOLUTION, INC.**
21                Defendants.           |
22 ─────────────────────────────────────|
23
   AND RELATED COUNTERCLAIMS.
24

25
26
27
28

ISSI'S SUPPLEMENTAL ANSWER
Case No. C-07-06166 WHA

## SUPPLEMENTAL ANSWER

Defendant Integrated Silicon Solution, Inc. ("ISSI") hereby supplements and amends its Answer filed January 31, 2008 to Plaintiff Peng Tan's Complaint as follows:

### Jurisdiction and Venue

1. ISSI admits that this Court has subject matter jurisdiction over this action. Except as thus expressly admitted, ISSI denies the allegations of Paragraph 1.

2. ISSI admits that personal jurisdiction in this case exists with respect to ISSI. To the extent that the allegations of Paragraph 2 are directed at defendants other than ISSI, ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 2, and on that basis denies those allegations. Except as thus expressly admitted, ISSI denies the allegations of Paragraph 2.

### Intradistrict Assignment

3. ISSI admits the allegations of Paragraph 3 of the Complaint.

### The Parties

4. ISSI admits the allegations of Paragraph 4 of the Complaint.

5. ISSI admits the allegations of Paragraph 5 of the Complaint.

6. ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6, and on that basis denies those allegations.

### First Cause of Action – Patent Infringement

7. ISSI responds to Paragraph 7 by incorporating by reference its responses to Paragraphs 1 through 6 above.

8. ISSI admits that United States Patent No. 4,682,857 ("the '857 patent") is entitled "Liquid Crystal Hot Spot Detection With Infinitesimal Temperature Control," and bears an issue date of July 28, 1987. ISSI further admits that the '857 patent lists Peng Tan as the sole inventor

and no assignee. ISSI also admits that Tan attached what appears to be a copy of the '857 patent to its Complaint as Exhibit A. Except as thus expressly admitted, ISSI denies the allegations of Paragraph 8. The '857 patent expired on April 2, 2005.

9. ISSI denies the allegations of Paragraph 9 that are directed toward ISSI. To the extent that the allegations of Paragraph 9 are directed toward defendants other than ISSI, ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9, and on that basis denies those allegations.

10. ISSI denies the allegations of Paragraph 10 that are directed toward ISSI. To the extent that the allegations of Paragraph 10 are directed toward defendants other than ISSI, ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and on that basis denies those allegations.

11. ISSI denies the allegations of Paragraph 11 that are directed toward ISSI. To the extent that the allegations of Paragraph 11 are directed toward defendants other than ISSI, ISSI lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11, and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

In further answer to Tan's Complaint, and as affirmative defenses, but without assuming a burden that it would not otherwise have, ISSI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (35 U.S.C. §§ 101, 102, 103, and/or 112)

12. The '857 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches)

13. Tan's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution Laches)

14. Tan's claims are barred in whole or in part by the doctrine of prosecution laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

15. ISSI reserves the right to assert additional affirmative defenses in the event discovery or other analysis indicates that additional affirmative defenses are appropriate.

## FIFTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel or Issue Preclusion)

16. In a March 10, 2008 final decision, the United States Patent and Trademark Office's Board of Patent Appeals and Interferences found claim 11 of the '857 patent invalid and Plaintiff is barred by the doctrine of collateral estoppel or issue preclusion from relitigating the validity of that claim in these proceedings.

## COUNTERCLAIMS

Defendant and Counterclaimant Integrated Silicon Solutions, Inc. ("ISSI") hereby alleges for its Counterclaims against Plaintiff and Counterclaim-Defendant Peng Tan on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### The Parties

1. ISSI is a corporation organized under the laws of Delaware and having a place of business on 1940 Zanker Road, San Jose, CA 95112. ISSI is engaged in the business of designing, developing and marketing high performance integrated circuits.

2. Peng Tan ("Tan") is an individual having a residence at 7530 Circulo Sequoia, Carlsbad, CA 92009.

## Jurisdiction and Venue

3. By its Counterclaim, ISSI seeks a declaration that: (i) it does not infringe directly or indirectly United States Patent No. 4,682,857 ("the '857 patent") purportedly owned by Tan; (ii) the '857 patent is invalid; and (iii) the '857 patent is unenforceable.

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to 35 U.S.C. §1 *et seq.*, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as this is an action arising under the patent laws of the United States. Further, an actual, substantial, and continuing justiciable controversy exists between ISSI and Tan with respect to which ISSI requires a declaration of its rights by this Court.

5. This Court has personal jurisdiction over Tan because Tan has commenced the underlying patent infringement action in this Court.

6. If venue is proper for the underlying patent infringement action brought by Tan, then it is also proper for ISSI's Counterclaim under 28 U.S.C. §§ 1391(b), 1931(c), and 1400(b), because, among other reasons, Tan filed the underlying action in this venue.

## FIRST COUNTERCLAIM

### (Declaratory Relief Regarding the Tan Patent)

7. ISSI incorporates and realleges Paragraphs 1-6 above as if set forth fully herein.

8. Tan alleges that he is the sole owner of the '857 patent.

9. On or about December 5, 2007, Tan filed a Complaint for Patent Infringement alleging direct and indirect infringement of the '857 patent, naming ISSI as a defendant.

10. The '857 patent expired on April 2, 2005. On and prior to April 2, 2005, ISSI has not infringed, directly or indirectly, any valid and enforceable claim of the '857 patent, either literally or under the doctrine of equivalents.

11. The '857 patent is invalid because the '857 patent fails to satisfy the conditions and requirements for patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. The '857 patent is unenforceable due to wavier, estoppel, laches and/or prosecution laches.

13. In a March 10, 2008 final decision, the United States Patent and Trademark Office's Board of Patent Appeals and Interferences found claim 11 of the '857 patent invalid and Plaintiff is barred by the doctrine of collateral estoppel or issue preclusion from relitigating the validity of that claim in these proceedings.

14. A valid and justiciable controversy has arisen and exists between ISSI and Tan based on Tan having filed a Complaint alleging infringement of the '857 patent. ISSI desires a judicial determination and a declaration of the respective rights of the parties regarding the '857 patent.

**PRAYER FOR RELIEF**

WHEREFORE, ISSI requests that this Court enter Judgment in its favor, deny all the relief requested by the Plaintiff, as follows:

A. Dismissing Tan's Complaint with prejudice and declaring that Tan takes nothing by way of its Complaint;

B. Declaring that ISSI has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 4,682,857.

C. Declaring that U.S. Patent No. 4,682,857 is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112;

D. Declaring that U.S. Patent No. 4,682,857 is unenforceable due to wavier, estoppel, laches and/or prosecution laches;

E. Declaring that U.S. Patent No. 4,682,857 is invalid due to collateral estoppel or issue preclusion;

F. Awarding ISSI its costs and disbursements in this action, including reasonable attorneys' fees; and

G. Awarding ISSI such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant ISSI requests a trial by jury of all issues so triable in this action.

Beck, Ross, Bismonte & Finley, LLP

Date: April __, 2008

By: _____
Justin T. Beck
Alfredo A. Bismonte
Ron C. Finley
Jeremy M. Duggan
Attorneys for Defendant and Counterclaimant
Integrated Silicon Solutions, Incorporated

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

ISSI'S SUPPLEMENTAL ANSWER
AND COUNTERCLAIM
Case No. C-07-06166 WHA

6