Justin T. Beck (Cal. Bar No. 53138)
Alfredo A. Bismonte (Cal. Bar No. 136154)
Ron C. Finley (Cal. Bar No. 200549)
Jeremy M. Duggan (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       abismonte@beckross.com
       rfinley@beckross.com
       jduggan@beckross.com

David C. Hsia (Cal. State Bar No. 197391)
Carmen C. Cook (Cal.. State Bar No. 197708)
Patent Law Group LLP
2635 N. First Street, Suite 223
San Jose, California 95134
Telephone: (408) 382-0480
Facsimile: (408) 382-0481
Email: david@patentlawgroup.com
       carmen@patentlawgroup.com

Attorneys for Defendant and Cross Claimant
Integrated Silicon Solution, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PENG TAN, an individual., <br><br> Plaintiff, <br><br> INTEGRATED SILICON SOLUTIONS, INC. et. al. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | **Case No. C-07-06166 WHA** <br><br> **REPLY IN SUPPORT OF INTEGRATED SILICON SOLUTION, INC.'S MOTION FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND FOR LEAVE TO FILE A SUPPLEMENTAL ANSWER** <br><br> Date:  June 5, 2008 <br> Time:  2:00 p.m. <br> Place: Courtroom 9, 19th Floor <br><br> Honorable Judge Alsup |

ISSI'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
OF NON-INFRINGEMENT
Case No. C-07-06166 WHA

**INTRODUCTION**

Plaintiff's opposition to summary judgment depends on the misguided theory that "convective ovens" are not new matter because "convective ovens" are structurally equivalent to heating lamps for purposes of §112 ¶6. But structural equivalency is not the proper test. The proper test for invalidity is simple: (1) was new matter added to the application in violation of 35 U.S.C. § 132, and if so, (2) do the claims rely on that new matter for support? Here the answer to both questions is yes. It is undisputed that the original application did not disclose "convective ovens," and that claims 1 and 4-10 improperly rely on that new matter for support. Thus the claims are invalid — regardless of whether convective ovens are equivalent to heat lamps.

**I. THE CURRENT CLAIMS RELY ON NEW MATTER**

As an initial matter, Plaintiff appears confused about the grounds for Defendant's motion. Defendant is asserting that claims 1 and 4-10 are invalid because they fail to comply with the written description requirement of 35 U.S.C. § 112 ¶1. For that reason Plaintiff's repeated reference to § 112 ¶2 (Opposition at 3:5; 4:13, 16, 23-28; 5:1-6; and 6:5) is off the mark. The issue here is not whether the "heat generating means" is indefinite (under 112 ¶2), but whether the properly construed claim is supported by the original application (under 112 ¶1).[1] The problem with the "heat generating means" is not that it is indefinite (in fact the parties apparently agree on the construction), but that the claim term is supported by new matter — rendering the claims invalid.

**A. The "Convective Oven" is New Matter**

Plaintiff concedes that convective ovens were never mentioned in the original disclosure, and that they were only added later by amendment. (Opposition at 2). However, according to Plaintiff's expert, one of ordinary skill in the art would understand that a "convective oven" could be used in place of the heating elements described in the original disclosure. (Jung Decl. ¶8). Thus, Plaintiff argues, convective ovens were *inherently* or *implicitly* disclosed in the original application, and the addition of an explicit description of convective ovens by amendment did not

---

[1] For similar reasons Plaintiff's discussion of *Atmel Corp. v. Information Storage Devices, Inc.*, 198 F.3d 1374 (Fed. Cir. 1999) (an indefiniteness case) is irrelevant.

ISSI'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT                                                1
OF NON-INFRINGEMENT
Case No. C-07-06166 WHA

present new matter. (Opposition at 2-3).

Plaintiff's argument has been roundly rejected by the Federal Circuit, which requires an explicit description of the invention in the specification:

> Entitlement to a filing date does not extend to subject matter which is not disclosed, but would be obvious over what is expressly disclosed. It extends only to that which is disclosed. While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, all the limitations must appear in the specification. The question is not whether a claimed invention is an obvious variant of that which is disclosed in the specification. Rather, a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought.

*Lockwood v. American Airlines,* 107 F.3d 1565, 1571-72 (Fed. Cir. 1997); *see also PowerOasis, Inc. v. T-Mobile USA, Inc.,* 522 F.3d 1299, 2008 U.S. App. LEXIS 7827, at *25-29 (Fed. Cir. Apr. 11, 2008) (affirming summary judgment of invalidity due to claim's reliance on later-added material).

Here, Plaintiff admits "convective ovens" were never discussed in the original application, but attempts to argue that convective ovens were impliedly present in that application. Plaintiff misguidedly argues that convective ovens are the equivalent of radiative heat lamps, and therefore would be covered by a 35 U.S.C. § 112 ¶6 claim requiring a "heat generating means." But the original application did not include a claim requiring a "heat generating means." Rather, the original claim 1 was explicitly limited to "a radiative heatig [sic] system . . . in which said radiative heating system comprises . . . one or more light bulb type of heating filaments." (Def. Exh. A at 12 (Docket No. 32-2)). The means-plus-function language was added two years later — at the same time that convective ovens made their first appearance. Convective ovens were neither mentioned explicitly, nor by implication, in the original application.

At best, Plaintiff's expert declaration may show that "convective ovens" could be an obvious variant of what was disclosed. But that is not the proper test. The inventor cannot simply describe that which renders the invention obvious; he must describe the invention itself.

*Lockwood,* 107 F.3d at 1571-72.[2]  Plaintiff failed to do so in the original application, thus the later disclosure of convective ovens is necessarily new matter.  Plaintiff's arguments and Mr. Jung's declaration that convective ovens are an equivalent of what was disclosed are simply irrelevant distractions.

**B.  Claims 1 and 4-10 Incorporate Convective Ovens**

Plaintiff does not dispute Defendant's claim construction of "heat generating means" in claims 1 and 4-10.  In particular, the structures that perform the function of generating heat include "heating lamps 7, 24, 25 and 26; or a single heating lamp, or a conductive hot plate, or a **convective oven and the equivalents of each**" of those structures.  (Def. Opening Brief at 7).  Thus each claim is supported by the new matter description of "convective ovens" in violation of 35 U.S.C. § 132, and the claims are invalid.

As the Federal Circuit has recently stated:

> [T]he construction … that must be supported by the Original Application is the construction … for the term as used in the [patent].  That the Original Application may support a narrower construction … does not mean that the Original Application supports the broader construction [for the term as used in the patent].

*PowerOasis,* 2008 U.S. App. LEXIS 7827, at *28.  Here the original application cannot support the current claims.  Even if Plaintiff had claimed a "heat generating means" in the original application (which he did not), that claim (supported by the original application), would be different from the current claim (which is supported by the amended specification).  In particular, the corresponding structure to "heat generating means" under 112 ¶6 would be "heating lamps" and possibly "conductive hot plates."  That corresponding structure would **not** extend to "convective ovens" because convective ovens are not discussed in the original application.  Thus a claim requiring a "heat generating means," supported by the original application would cover "heating lamps" and their equivalents and possibly "conductive hot plates" and their equivalents,

---

[2] *See also New Railhead Manufacturing, L.L.C. v. Vermeer Manufacturing Co.*, 298 F.3d 1290, 1296 (Fed. Cir. 2002) ("What is claimed by the patent application must be the same as what is disclosed in the specification . . . ." (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722 (2002))).

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

but **not** "convective ovens" and **not** the equivalents of "convective ovens." In the current claims, on the other hand (supported by the amended specification), "convective ovens" are corresponding structure under 112 ¶6, and the claim covers "heating lamps" and "conductive hot plates" and their equivalents, **as well as** "convective ovens" **and their equivalents**. Thus the current claim is different from one supported by the original application, because it relies on new matter (convective ovens) added to the specification.[3] That is not permitted by 35 U.S.C. § 132, and the claims are invalid.

**C. Plaintiff's Additional Arguments also Fail**

    **1. Plaintiff's Discussion of *Turbocare* is Irrelevant**

Plaintiff's analysis of *Turbocare Div. of Demag Delaval Turbomachinery Corp. v. General Electric Co.,* 264 F.3d 1111 (Fed. Cir. 2001) is inapposite. (Opposition at 4). There were two "new matter" issues in that case. Plaintiff only discusses one, the issue of flat springs, and ignores the second, the location of the springs. With respect to the first issue, "flat springs," *Turbocare* is distinguishable from this case. In *Turbocare,* the original specification expressly recited that a variety of springs could be used, and referred to "Flat S-shaped springs." The specification was later amended to refer to both "S-shaped springs" and "flat springs." *Turbocare,* 264 F.3d at 1118-19. Thus there were words in the original application that might support the later "flat spring" claims.

For that reason, the second new matter issue in *Turbocare* is far more pertinent. The Federal Circuit affirmed the trial court's grant of summary judgment of invalidity of a claim including certain specific spring locations because there was no disclosure in the specification of any specific location for the springs. That the claimed locations may have been obvious was irrelevant because obviousness is not the test. *Turbocare,* 264 F.3d at 1119-20. Plaintiff must describe his or her invention using words or figures, and no words or figures in Plaintiff's

---

[3] By way of example, suppose a defendant used a standard hair dryer as its heat generating means, and a jury found that hair dryer was a §112 ¶6 equivalent of a convective oven, but not equivalent to a "heating lamp." The method using a hair dryer would be covered by the current claims, which include equivalents of "convective ovens," but not by a claim supported only by the original application, which would not include the equivalents of "convective ovens."

ISSI'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT      4
OF NON-INFRINGEMENT
Case No. C-07-06166 WHA

application described specific spring locations. Similarly here, no words or figures in the original application described "convective ovens," and here, as in *Turbocare*, the Plaintiff relies on conclusory statements of an expert. Those statements are no substitute for the necessary disclosure, and the claims are invalid.

### 2. Courts are Empowered to Invalidate Defective Patents

As a sure sign of desperation, Plaintiff not only drags out the hoary old dicta about allowed amendments being "entitled to an especially weighty presumption of correctness,"[4] but also devotes nearly a page to arguing the point. Examiners make mistakes — and for precisely that reason — courts are empowered to correct those mistakes by invalidating patents. Patents are presumed valid and a defendant must prove the facts of invalidity by clear and convincing evidence. That is as far as the law goes. There is no category of "super validity" accorded to amendments during prosecution, and *Brooktree* cannot be read as creating such a category. In this case, the examiner clearly erred, perhaps because he took Mr. Tan at his word that the amendments were merely grammatical corrections caused by the applicant's poor English.

### 3. Mr. Jung's Analysis uses the Wrong Standard

As stated above, Mr. Jung's opinions on equivalents are irrelevant to the issues here. But even if Mr. Jung's opinions were relevant, they should be given no weight because they use a faulty standard for equivalents. The accepted test for equivalents under 112 ¶6 is as follows:

> In order for an accused structure to literally meet a 35 U.S.C. section 112, paragraph 6 means-plus-function limitation, the accused structure must either be the same as the disclosed structure or be a 35 U.S.C. section 112, paragraph 6 "equivalent," i.e., (1) perform the identical function and (2) be otherwise insubstantially different with respect to structure. … Under a modified version of the function-way-result methodology described in *Graver Tank & Manufacturing Co. v. Linde Air Products Co.*, 339 U.S. 605, 608, 85 U.S.P.Q. (BNA) 328, 330, 94 L. Ed. 1097, 70 S. Ct. 854 (1950), two structures may be "equivalent" for purposes of 35 U.S.C. section 112, paragraph 6 if they perform the identical function, in substantially the same way, with substantially the same result.

*Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1364 (Fed. Cir. 2000).

---

[4] *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574-75 (Fed. Cir. 1992)

ISSI'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT                5
OF NON-INFRINGEMENT
Case No. C-07-06166 WHA

1   Here Mr. Jung makes no attempt at the proper three-part analysis. Indeed his declaration
2   skips the way and result prongs of the function-way result test entirely. Instead his declaration
3   consists of three parts: (1) An introduction of himself and his qualifications (Jung Decl. ¶¶ 1-4);
4   (2) statements that one ordinary skill would understand the concepts of conductive, convective and
5   radiative heat transfer (Jung Decl. ¶¶ 5-7); and (3) the conclusion, without analysis, that one of
6   ordinary skill would "recognize that a convective heat source could also be used" in addition to the
7   described radiative heat lamp. (Jung Decl. ¶8). Mr. Jung's bald conclusion does not support a
8   finding of equivalence. It is not enough that a convective heat source "could be used" to vary the
9   temperature of a liquid crystal, rather it must perform the "<u>identical</u> function, in substantially the
10  same way, with substantially the same result." *Kemco,* 208 F.3d at 1364. Mr. Jung did not
11  perform the proper analysis; accordingly his faulty conclusions should be disregarded.

12  Moreover, Mr. Jung's conclusions regarding equivalents ignore Plaintiff's contradictory
13  statements in the original application. Plaintiff disparages the use of a conductive hot chuck
14  (which Jung argues is an equivalent at ¶ 5), because it "responds slowly to the conductive heat
15  transfer, because a large poor heat conductor exists between the liquid crystal and the conductive
16  heating system." (Def. Exh. A at 2 (Docket No. 32-2)). On the other hand, Plaintiff extols the
17  virtues of the radiative heating lamp, stating "Both the rapid response of the heating filament and
18  the direct overhead heating have helped to create a rapid temperature response from the liquid
19  crystal film." (*Id.* at 3). Such language clearly suggests other heat sources were not a part of the
20  disclosed invention. *See, e.g., Tronzo v. Biomet, Inc.,* 156 F.3d 1154, 1159-60 (Fed. Cir. 1998)
21  ("There is nothing in the '589 specification to suggest that shapes other than conical are necessarily
22  a part of the disclosure. Indeed, as discussed above, the specification clearly suggests the contrary
23  by asserting advantages of the conical shape over prior art shapes."). Indeed in the original
24  application, Plaintiff claimed only "a radiative heatig [sic] system" using light bulbs. (Def. Exh. A
25  at 12 (Docket No. 32-2)). Jung's analysis simply ignores these statements showing that Plaintiff
26  (at least at the time of his application for patent) did not consider other methods to be equivalent to
27  a radiative heating lamp or part of his invention.

28

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

Mr. Jung's conclusions are not bolstered by his Exhibit A, a "brochure for a convective heating device." That brochure says nothing about failure analysis, or liquid crystals, and Mr. Jung provides no evidence that the brochure's device would have or could have been used for failure analysis as performed in the claims of the '857 patent. Accordingly, it provides no support for the conclusion that convective ovens are the equivalent of what was disclosed in the original application. In short, Mr. Jung's opinions are faulty, irrelevant, unsupported by the evidence, and should be disregarded.

## II. PLAINTIFF IS ESTOPPED FROM RELITIGATING THE INVALIDATED CLAIM 11

Plaintiff raises no obstacles, including any purported facts, to prevent this Court from finding that claim 11 of the '857 patent is invalid.

As a preliminary matter, Plaintiff does not oppose amending ISSI's pleadings to include the defense of collateral estoppel or issue preclusion. Accordingly, there is no barrier to this Court applying that defense to this case.

Plaintiff admits that the USPTO Board of Patent Appeals and Interferences ("the Board") has made a final determination that claim 11 is invalid. Plaintiff also concedes that his further appeal to the Federal Circuit does nothing to preclude this Court from applying collateral estoppel or issue preclusion and finding that claim 11 is invalid.[5] Having lost his invalidity battle with the Board, Plaintiff instead suggests that the Court could avoid "unwarranted complications" by deferring any ruling on any aspect of claim 11.[6] But Plaintiff cites no supporting authority for that position beyond an oblique reference to *Mendenhall v. Barber-Greene*, 26 F. 3d 1573 (Fed. Cir. 1994), a wholly irrelevant case.

Similar "sky is falling" arguments against application of collateral estoppel have been rejected by the Federal Circuit. *See Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1380-81 (Fed. Cir. 1999). In *Pharmacia & Upjohn* the Federal Circuit affirmed a

---

[5] Plaintiff's Opposition at 9-10 (Docket No. 37).
[6] Should the Court determine that deferring action is appropriate, it should not act in a piecemeal fashion, but rather should stay the entire case until Tan has exhausted his appeals of the finding of invalidity.

ISSI'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT                          7
OF NON-INFRINGEMENT
Case No. C-07-06166 WHA

summary judgment ruling based on collateral estoppel where the case relied on for estoppel was on appeal. The Federal Circuit even declined to consolidate the appeals in the two cases, noting that if the judgment in the other case were reversed, "Upjohn may then move the district court to modify its judgment accordingly." *Id.* at 1381.

Plaintiff has injected the invalid claim 11 into this litigation by accusing ISSI of infringing that claim.[7] Indeed, Plaintiff's current assertion of infringement of claim 11 is contrary to earlier representations made to this Court.[8] Since Plaintiff asserts claim 11 despite the final rejection by the Board, this Court should give that decision proper collateral estoppel effect. There is simply no good reason for this Court to indulge Mr. Tan with multiple bites at the apple, or to burden Defendant with defending against a claim already invalidated by the USPTO.

## CONCLUSION

As set forth above, all asserted claims of the '857 patent are invalid, and ISSI is entitled to summary judgment of invalidity.

Beck, Ross, Bismonte & Finley, LLP

Date: May 22, 2008        By:    /s/
                                 Justin T. Beck
                                 Alfredo A. Bismonte
                                 Ron C. Finley
                                 Jeremy M. Duggan
                                 Attorneys for Defendant and Counterclaimant
                                 Integrated Silicon Solution, Inc.

---

[7] Bismonte Decl. Exhibit E at 2 (Docket No. 32-6).

[8] [Draft] Joint Case Management Statement and [Proposed] Order filed February 29, 2008, at 9 ("Tan has advised ISSI that he is not presently asserting Claim 11 but that he may seek leave from the Court to assert Claim 11 in the future if it survives reexamination.") (Docket No. 20).