1    MICHAEL E. DERGOSITS (State Bar No. 118206)
     TEDDY K. JOE (State Bar No. 242589)
2    **DERGOSITS & NOAH LLP**
     Four Embarcadero Center, Suite 1450
3    San Francisco, CA 94111
     Telephone: (415) 705-6377
4    Facsimile: (415) 750-6383
     Email: mdergosits@dergnoah.com
5           tjoe@dergnoah.com

6    Attorneys for Plaintiff Peng Tan.

7    Justin T. Beck (State Bar No. 531138)
     Alfredo A. Bismonte (State Bar No. 136154)
8    Ron C. Finley (State Bar No. 200549)
     Craig Alan Hansen (State Bar No. 209622)
9    **Beck, Ross, Bismonte & Finley LLP**
     50 West San Fernando Street, Suite 1300
10   San Jose, CA 95113
     Tel: (408) 938-7900
11   Fax: (408) 938-0790
     Email: jbeck@beckross.com
12          abismonte@beckross.com
            rfinley@beckross.com
13          chanson@beckross.com

14   Attorneys for Defendant Integrated Silicon Solution, Inc.

15                  **UNITED STATES DISTRICT COURT**

16                **NORTHERN DISTRICT OF CALIFORNIA**

17                     **SAN FRANCISCO DIVISION**

18

19

20   PENG TAN, an individual                    | Civil Action No: **3:07-cv-07-6166 (WHA)**

21   Plaintiff,

22   v.                                           **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

23   INTEGRATED SILICON SOLUTION, INC., a        **Tutorial: July 16, 2008, 1:30 p.m.**
     Delaware corporation                         **Claim Construction:  Aug. 6, 2008,**
24   Defendant.                                                        **1:30 p.m.**
                                                  **Judge: Hon. William H. Alsup**
25                                                **Courtroom: 9 on the 19th Floor**

26

27

28

1    Pursuant to Patent L.R. 4-3, the March 13, 2008 Case Management Order and Reference

2    to ADR Unit for Mediation (D.I. No. 24),[1] and this Court's March 24, 2008 Order Concerning

3    Claim Construction (D.I. No. 28), Plaintiff Peng Tan. ("Mr. Tan") and Defendant Integrated

4    Silicon Solution, Inc. ("ISSI") jointly submit this Joint Claim Construction and Prehearing

5    Statement.

### 1.  Construction of the Claim Terms on Which the Parties Agree

7    The only claim term upon which the Parties agree is the "heat generating means" found in

8    claim 1.  However, the consequence of the agreed construction is the subject of Defendant's

9    pending motion for summary judgment.[2]

### 2.  Proposed Constructions and Specification Support

11    The Parties have attached a table as Exhibit A that summarizes the claim terms for

12    construction by the Court, including the supporting evidence.  Since the Court has limited the

13    number of claim terms for construction at this stage of the proceedings, the Parties have only

14    addressed six claim terms in accordance with the Court's March 13, 2008 Case Management

15    Order  (D.I. No.24.)

### 3.  Anticipated Length of Time for Claim Construction Hearing

17    The Court has set July 16, 2008, at 1:30 p.m. for a tutorial on the technology related to the

18    patent-in-suit, U.S. Patent No. 4,682,857.  The Court will be introduced to the patented

19    technology in connection with Defendant's pending Motion for Summary Judgment.  The Court

20    can advise counsel at the summary judgment motion hearing on June 5, 2008, whether the tutorial

21    will be necessary to introduce the Court to the issues to be decided during the Claim Construction

22    Hearing.

23    The Court has suggested August 5, 2008, at 1:30 p.m. for a pre-hearing conference on the

24    Claim Construction Hearing in this matter.  The Parties believe that the issues related to the claim

25    construction hearing can be addressed at the time scheduled for the tutorial, accordingly; such a

---

[1] The Court's Order limits construction to six disputed claim terms in the claim construction hearing.  The Parties have other disputed claim terms which are not included in this statement.
[2] Other claim terms have been identified in Defendant's pending motion for summary judgment with respect to Claim 11.

1   separate pre-hearing conference is not necessary.  The Parties believe that one-half of a Court day

2   will be sufficient to address the six terms in the attached chart in a claim construction hearing.

3       **4.  Witnesses**

4       The Parties do not intend to call any witnesses in connection with the Claim Construction

5   Hearing.

6       **5.  Other Issues for Court's Consideration at Claim Construction**

7       At this time, the Parties are not aware of any other issues to be considered by the Court at

8   the time of the Claim Construction Hearing.

9

10  Dated: May 28, 2008                     **DERGOSITS & NOAH LLP**

11

12                                          _____/s/_____
                                            By:  Michael E. Dergosits
13                                               Attorney for Plaintiff.

14                                          **DERGOSITS & NOAH LLP**
                                            Four Embarcadero Center, Suite 1450
15                                          San Francisco, CA 94111
                                            Telephone: (415) 705-6377
16                                          Facsimile:  (415) 750-6383

17  Dated: May 28, 2008                     **BECK, ROSS, BISMONTE & FINLEY LLP**

18

19                                          _____/s/_____
                                            By:  Justin T. Beck
20                                               Attorneys for Defendant

21                                          **Beck, Ross, Bismonte & Finley LLP**
                                            50 West San Fernando Street, Suite 1300
22                                          San Jose, CA 95113
                                            Tel: (408) 938-7900
23                                          Fax: (408) 938-0790
                                            Email: jbeck@beckross.com

24

25

26

27

28

# EXHIBIT A

| CLAIM TERM | PENG TAN'S PROPOSED CONSTRUCTION | PENG TAN'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION | ISSI'S PROPOSED CONSTRUCTION | ISSI'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION |
|---|---|---|---|---|
| An adjustment means (Claim 1) | Section 112, Paragraph 6. Function: controlling the heating output magnitude of the heat generating means and controlling the turning on and off of the heat generating means. Structure disclosed: Power supply on-off switch 22; optionally, dual switch 23, variable power controls in each of power supplies 5 and 18, or on-off switch 4. Includes equivalents to these structures. [Col. 2:65-3:9; 3:28-60; 4:7-16; 4:22-33; 5:53-6:12; 6:28-65;7:11; 7:34-38] | | "Adjustment means" is a means-plus-function term governed by Section 112 (6). The function performed is adjusting the output of the heating means. The disclosed structures that perform that function are variable power control and on-off switch 22 for power supply 18, and variable power control and on-off switch 4 for power supply 5 and solid state temperature sensor 21 and dual switch 23. [5:55-57; 6:30-33, 35-36, 55-57; 7:11-13, 34-38] The claim also covers equivalents of the disclosed structure. | |

| CLAIM TERM | PENG TAN'S PROPOSED CONSTRUCTION | PENG TAN'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION | ISSI'S PROPOSED CONSTRUCTION | ISSI'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION |
|---|---|---|---|---|
| Differentiation means (Claim 1) | Section 112, Paragraph 6. Function: To confirm that the change in the liquid crystal film is induced by a localized phase transition in the liquid crystal film. Structure disclosed: Microscope with polarized illuminating light. If the current applied to the device under test is an alternating current rather than direct current, then the structure is still the same but method of differentiation may be different. Includes equivalents to these structures. [Col. 2:22-31; 2:60-64; 4:3-16; 4:58-5:15; 5:30-48; 6:17-21; 6:58-7:38; 7:67-8:5; 8:12-16; 9:26-10:10.] | | "*Differentiation means*" is a means-plus-function term governed by Section 112 (6). The function performed is differentiating between "voltage induced blinking" and "hot spot induced blinking." The disclosed structure for performing this is heating light switch **4** which controls power supply **5** which powers light bulbs **7** and **25**. [5:53-6:1; 7:11-20]. The claim also covers equivalents to the disclosed structure. | |

| CLAIM TERM | PENG TAN'S PROPOSED CONSTRUCTION | PENG TAN'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION | ISSI'S PROPOSED CONSTRUCTION | ISSI'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION |
|---|---|---|---|---|
| Power Supply means (Claims 1, 7, 8) | Section 112, Paragraph 6. Function: supplying power for the heating system. Structure disclosed: DC power supply 18, optionally, DC power supply 5. Includes equivalents to these structures. [Col. 1:68-2:11; 2:65-3:9; 3:40-60; 4:13-33; 5:53-6:12; 6:30-57; 7:34-54; 8:22-43.] | | "Power supply means" is a means-plus-function term governed by Section 112 (6). The function performed is supplying power to the heating means. The disclosed structure for performing this function is the two power supplies **5** and **18**, one have a high power output for coarse temperature control and the other having power output about 100 to 1000 times lower. [5:53-6:3]. Pursuant to Section 112(6), the claim also covers equivalents of the disclosed structure. | |

| CLAIM TERM | PENG TAN'S PROPOSED CONSTRUCTION | PENG TAN'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION | ISSI'S PROPOSED CONSTRUCTION | ISSI'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION |
|---|---|---|---|---|
| Step (d) and step (e) are optional (Claim 1) | Plain and ordinary meaning requires that the step (d) conditional "if" be fulfilled before time for performance of "then." Step (e) refers back to repeated performance of step (d). | | Steps (d) and (e) are optional, but the equipment used must be capable of performing both steps. | |

| CLAIM TERM | PENG TAN'S PROPOSED CONSTRUCTION | PENG TAN'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION | ISSI'S PROPOSED CONSTRUCTION | ISSI'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION |
|---|---|---|---|---|
| Infinitesimally close (Claim 1) | Immeasurably near. [Col. 1:57-2:18; 2:65-3:9; 3:28-44; 4:18-33; 7:43-54; 8:18-21; 8:31-45.] | Websters II, New College Dictionary | "Infinitesimally close" means a very small controlled difference between the temperature of the liquid crystal and its phase transition temperature, on the order of 0.2 degree C. [6:30-54, 7:11-54]. | |

| CLAIM TERM | PENG TAN'S PROPOSED CONSTRUCTION | PENG TAN'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION | ISSI'S PROPOSED CONSTRUCTION | ISSI'S EXTRINSIC EVIDENCE IN SUPPORT OF PROPOSED CONSTRUCTION |
|---|---|---|---|---|
| Limited length of time (Claim 1) | Plain and ordinary meaning. No construction required. [Fig. 2; 2:65-3:9; 3:32-49; 8:31-43; 8:57-68.] | | "**Limited length of time**" means a controlled length of time, during which the temperature of the liquid crystal film is increased from the "infinitesimally close temperature" to a temperature higher than the phase transition temperature of the liquid crystal film. | |