IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PENG TAN, an individual,

    Plaintiff,

v.

INTEGRATED SILICON SOLUTIONS, INC., a Delaware corporation, and

    Defendant.

No. C 07-06166 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this patent-infringement action, defendant moves for summary judgment of invalidity of all asserted claims. For the reasons stated below, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Peng Tan is the inventor and owner of U.S. Pat. No. 4,682,857. The patent itself is directed to a method of using liquid crystals to identify "hot spots" on a semiconductor chip — *i.e.*, areas on a chip with higher surface temperature. The patent takes advantage of an inherent property of liquid crystals, namely that they change color when heated past a certain threshold temperature. The patent purportedly teaches a method where the temperature of a liquid crystal is brought "infinitesimally close" to the threshold temperature to thereby allow detection of hot spots at very low power levels (col. 6:53–55).

Tan wrote and filed the original patent application himself in 1985. The application disclosed the use of light-bulb heating filaments to heat up the liquid crystals. In response to

the first office action in 1987, Tan made several amendments explaining (Bismonte Decl. Exh. A):

> Due to my lack of expertise in English, I have hired a technical writer to edit my submission. Although the work now reads better, I hope that the length of the necessary correction does not inconvenience you.

The amendments included the following (col. 1:62–2:11):

> The infinitesimal temperature control method can be achieved by many forms *of heating means, such as, but not limited to, a conductive hot plate, a convective oven or a radiative heating light*. All these heating means work with various degrees of effectiveness in the invented infinitesimal temperature control method. The key to the said infinitesimal temperature control method is that the heating means operates in a repeatedly turning on and turning off mode. It is during the turning on mode that the heating means will gradually heat up the liquid crystal film and will bring the film temperature infinitesimally close below to the liquid crystal phase transition temperature. To illustrate the said infinitesimal temperature control method, a detailed radiative heating light heating system is described in the SUMMARY OF THE INVENTION and the DETAILED DESCRIPTION OF THE INVENTION.
>
> It should be emphasized that it is not the detailed design of the heating means that contributes to the primary success of bringing the liquid crystal film temperature infinitesimally close below to the liquid crystal phase transition temperature, rather it is the invented method of operating the heating means at a repeatedly turning on and turning off mode.

In addition, Tan amended now claim 1, changing a limitation for "light bulb type of heating filaments" to a limitation for a "heating generating means" (col. 8:23).

    This action was filed on December 5, 2007, alleging defendant Integrated Silicon Solutions, Inc., infringed claims 4-11 of the '857 patent. The '857 patent was previously put into reexamination where the examiner finally rejected claim 11 as anticipated by the prior art. The examiner's final rejection was affirmed by Board of Patent Appeals and Interferences. Plaintiff sought reconsideration of that decision, and the Board issued a second decision modifying but affirming the final rejection. Plaintiff has since appealed the Board's decision to the Federal Circuit. That appeal is currently pending. Defendant now maintains plaintiff is precluded from asserting claim 11 based on the doctrine of collateral estoppel. Defendant also

moves for summary judgment of invalidity of claims 4-10 on the ground that the 1987 amendments failed to comply with the written-description requirement of 35 U.S.C. 112. In particular, defendant argues that the addition of "a convective oven" to the specification was "new matter" prohibited by 35 U.S.C. 132 and not disclosed in the original application.

## ANALYSIS

Summary judgment is granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). A district court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there is any genuine issue of material fact. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007). A genuine issue of fact is one that could reasonably be resolved, based on the factual record, in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### 1.  CLAIM 4-10: WRITTEN DESCRIPTION REQUIREMENT.

Pursuant to 35 U.S.C. 112 ¶ 1, the patent specification is required to "contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." The written-description requirement and its corollary, the new-matter prohibition of 35 U.S.C. 132, both serve to ensure that the patent applicant was in full possession of the claimed subject matter at the time the original application was filed. *See TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Elec.*, 264 F.3d 1111, 1118 (Fed. Cir. 2001). "To satisfy the written description requirement the disclosure of the prior application must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, [the inventor] was in possession *of the invention*. While a prior application need not contain precisely the same words as are found in the asserted claims, the prior application must indicate to a person skilled in the art that the

inventor was 'in possession' of the invention as later claimed." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008) (emphasis in original).[1]

Any disclosure relied on must be actual or inherent. In order for a disclosure to be inherent, "the missing descriptive matter must necessarily be present in the [original] application's specification such that one skilled in the art would recognize such disclosure." *Tronzo v. Bioment, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998). A mere showing that the scope of the claimed invention covers obvious variants or equivalents of the original disclosure, however, is not enough to satisfy the written description requirement. As the Federal Circuit put it in *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir.1997):

> While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, all the limitations must appear in the specification. The question is not whether a claimed invention is an obvious variant of that which is disclosed in the specification. Rather, a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought.

Plaintiff here does not dispute that the original application did not actually disclose the use of a convective oven to heat up liquid crystals. Despite plaintiff's failure to raise the argument, this order will assume that plaintiff maintains that the original application inherently disclosed the use of a convective oven.[2]

In order to determine whether or not the patentee was in possession of the claimed invention when originally filed, the claim terms must first be construed. Here, the only claim term at issue is "a heating generating means" as stated in claim 1. For purposes of this motion, however, the parties have agreed through their briefings that the term is a means-plus-function

---

[1] Unless otherwise stated, all internal quotations and citations are omitted from this order.

[2] In his opposition, plaintiff dedicates the majority of his argument to attempting to establish that one skilled in the art would have considered a convective oven to be an "equivalent" of a heating lamp at the time the application was filed. As stated, however, this is not the relevant test for the written-description requirement. Plaintiff must instead show that one skilled in the art would have recognized after reading the original application that the matter in question was actually disclosed.

4

element subject to 35 U.S.C. 112, ¶ 6, with corresponding structures of "heating lamps, a single heating lamp, or a conductive hot plate, or a convective oven" (col. 7:43–46).

Given this construction, this order now address whether Tan improperly added new matter to his application in violation of the written-description requirement of 35 U.S.C. 112. On this record, summary judgment on this issue is inappropriate. There is a genuine issue of material as to whether the 1987 amendments were disclosed in the original application. The relevant inquiry is whether one skilled in the art would have recognized that Tan disclosed the use of conductive plates and convective ovens for heating the liquid crystals in his original disclosure. Significantly, defendant has provided no declarations or any other evidence addressing this issue. "The fact that the Patent Office allows . . . an amendment without objection thereto as new matter . . . is entitled to an especially weighty presumption of correctness." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574–75 (Fed. Cir. 1992). Defendant has provided no evidence to overcome this presumption.

For its part, plaintiff has offered the declaration of Frank Jung, a purported expert in the field. Although Jung's declaration heavily focuses on whether one skilled in the art in 1985 would have considered conductive ovens to be an *equivalent* to heating lamps — a question that is clearly irrelevant under *Lockwood* — there are several portions that do suggest that a person of ordinary skill in the art would have thought conductive ovens were *disclosed* by the original application. The declaration only further demonstrates that a martial issue of fact exists. Summary judgment of invalidity of claims 4-10 is therefore **DENIED**.

### 2. CLAIM 11: COLLATERAL ESTOPPEL.

Collateral estoppel may preclude a patentee from relitigating the validity of a particular claim if that claim has already been found to be invalid. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971). "Because the application of collateral estoppel is not a matter within the exclusive jurisdiction of [the Federal Circuit]," the law of the circuit in which a district court resides should be applied. *Vardon Golf Co., Inc. v. Karsten Manufacturing Corp.*, 294 F.3d 1330, 1333 (2002). Under Ninth Circuit law, collateral estoppel is appropriate where: (1) the issue at stake is identical to an issue raised in the prior

litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Littlejohn v. U.S.*, 321 F.3d 915, 923 (9th Cir. 2003).

Defendant has shown that each of these requirements has been satisfied in regard to claim 11. The examiner rejected claim 11 on reexamination. This decision was affirmed twice by the Board of Patent Appeals and Interferences. Tan had a full and fair opportunity to litigate the validity of claim 11 on several occasions. Tan does not dispute these facts. Instead he argues that he should not be precluded from asserting claim 11 because he is currently appealing the Board's decision to the Federal Circuit. But Tan admits that the appeal by itself would not bar application of the doctrine of collateral estoppel (Opp. 10). Given the extensive history of proceedings regarding claim 11 and their respective outcomes, this order finds that Tan is estopped from asserting claim 11 in this case.

## CONCLUSION

For the above-stated reasons, defendant's motion is **GRANTED IN PART AND DENIED IN PART**. A genuine issue of material fact exists as to whether Tan's amendments to his application were made in violation of the written-description requirement. Tan, however, is precluded from asserting claim 11.

**IT IS SO ORDERED.**

Dated: June 5, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6