Justin T. Beck (Cal. Bar No. 53138)
Alfredo A. Bismonte (Cal. Bar No. 136154)
Ron C. Finley (Cal. Bar No. 200549)
Jeremy M. Duggan (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       abismonte@beckross.com
       rfinley@beckross.com
       jduggan@beckross.com

David C. Hsia (Cal. State Bar No. 197391)
Carmen C. Cook (Cal.. State Bar No. 197708)
Patent Law Group LLP
2635 N. First Street, Suite 223
San Jose, California 95134
Telephone: (408) 382-0480
Facsimile: (408) 382-0481
Email: david@patentlawgroup.com
       carmen@patentlawgroup.com

Attorneys for Defendant and Cross Claimant
Integrated Silicon Solution, Inc.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENG TAN, an individual., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED SILICON SOLUTIONS, INC. et. al. <br><br> Defendants. <br><br> ———————————————— <br><br> AND RELATED COUNTERCLAIMS. | **Case No. C-07-06166 WHA** <br><br> **DEFENDANT'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER** <br><br> Honorable Judge Alsup |

1    Pursuant to Civil Local Rule 7-9(b)(3), Defendant Integrated Silicon Solutions, Inc.
("ISSI") respectfully requests leave to file a motion for reconsideration of this Court's June 5,
2008 denial of ISSI's motion for summary judgment of invalidity on the following grounds:  (1)
The Order (Docket No. 44) applies the wrong test for inherency, ignoring the dispositive
"necessarily present" test set forth in, for example, *In re Draeger*, 32 C.C.P.A. 1217, 1220
(C.C.P.A. 1945); *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998); *Atari Games Corp.
v. Nintendo of Am.,* 1993 U.S. Dist. LEXIS 8183, at *59-60 (N.D. Cal. 1993); *Chubb & Son's Lock
& Safe Co. v. Omron Tateisi Electronics Co.*, 1976 U.S. Dist. LEXIS 12640, at *26 (D.D.C. 1976);
and 4-11 Chisum on Patents § 11.04(4)(a); (2) The Order does not address Defendant's motion for
summary judgment of invalidity of claim 1 of the '857 patent; and (3) The Order fails to identify
the facts in dispute for a jury to resolve, identifying no words, structures, figures, etc. in the
original disclosure that provide any evidence that "convective ovens" may be an inherent part of
that disclosure.  For those reasons, Defendant requests leave to file a motion for reconsideration
under Civil Local Rule 7-9.

**BACKGROUND**

Defendant moved (among other things) for summary judgment of invalidity of claims 1 and
4-10 of U.S. Patent No. 4,682,857, because those claims are not supported by the original
application.  In particular, Defendant argued that a "convective oven," which is a claimed "heat
generating means" under 112 ¶6, is "not disclosed in the original application, and is not inherent in
what was disclosed," (Docket No. 31 at 5).  Defendant further cited *Atari Games Corp. v. Nintendo
of Am.,* 1993 U.S. Dist. LEXIS 8183, at *59-60 (N.D. Cal. 1993) for its statement that "Evidence
of inherency 'must make clear that the missing descriptive matter is **necessarily present** in the
thing described in the reference, and that it would be so recognized by persons of ordinary skill.'"
(quoting *Continental Can Co., USA, Inc. v. Monsanto Co.* 948 F.2d 1264, 1268-69 (Fed. Cir. 1991)
(emphasis added)) (Docket No. 31 at 6 n.11).

In opposition, perhaps understanding that he could not meet the "necessarily present"
requirement, Plaintiff argued instead that convective ovens were "inherently disclosed since one
skilled in the art would have understood that they were structurally equivalent to radiative heating

1  lamps and conductive hot plates." (Docket No. 37 at 8).  Thus, according to Plaintiff, any

2  equivalents of radiative heating lamps were "inherent" in the original application, despite not being

3  actually disclosed or "necessarily present."  Plaintiff further presented an expert declaration of Mr.

4  Jung purporting to support its contention of equivalence between radiative heating lamps and

5  convective ovens. (Docket No. 39).

6  On reply, Defendant pointed out that Plaintiff's equivalents arguments had been roundly

7  rejected by the Federal Circuit in *Lockwood v. American Airlines,* 107 F.3d 1565, 1571-72 (Fed.

8  Cir. 1997), and were therefore irrelevant.  Since Plaintiff presented no other barriers to summary

9  judgment, Defendant requested that summary judgment issue.  (Docket No. 41).

10  The Order (which issued without a hearing), agreed with Defendants that Plaintiff's

11  equivalents arguments were irrelevant, but stated that "Despite Plaintiff's failure to raise the

12  argument, this order will assume that plaintiff maintains that the original application inherently

13  disclosed the use of a convective oven." (Docket No. 44 at 4)  The Court then denied summary

14  judgment on claims 4-10 (the Order did not address claim 1).  According to the Order, "The

15  relevant inquiry [for inherency] is whether one skilled in the art would recognize that Tan

16  disclosed the use of conductive plates and convective ovens for heating the liquid crystals in his

17  original disclosure."  The Order goes on to state that "defendant has provided no declarations or

18  other evidence addressing this issue," and that "there are several portions [of the Jung declaration]

19  that do suggest that a person of ordinary skill in the art would have thought conductive ovens were

20  *disclosed* by the original application."  (Docket No. 44 at 5)  The Order, however, does not address

21  the "necessarily present" test for inherency, nor does it point out what portions of the Jung

22  declaration suggest that the original application disclosed convective ovens.

23  **LEAVE TO FILE A MOTION FOR RECONSIDERATION IS APPROPRIATE**

24  Under Civ. L.R. 7-9(b)(3), a party moving for leave to file a motion for reconsideration

25  must specifically show "a manifest failure by the Court to consider material facts or dispositive

26  legal arguments which were presented to the Court before such interlocutory order."  Here, the

27  Court should grant leave to file a motion for reconsideration for several reasons.  First, the Order

28  did not apply the correct test for inherency, which was cited by Defendant.  When the correct test

is applied, it is dispositive of this case.  Second, the Order omitted any mention of claim 1, and third, the Order failed to identify the specific facts in dispute that a jury would have to resolve.

### 1. The Order Failed to Apply the "Necessarily Present" Test for Inherency

The Order states that "The relevant inquiry is whether one skilled in the art would recognize that Tan disclosed the use of conductive plates and convective ovens for heating the liquid crystals in his original disclosure."  That is an incomplete statement of the law.  Since Plaintiff admits that "convective ovens" are not actually mentioned in the original application, the question is whether they are inherent in the disclosure; that is whether one of ordinary skill would find "convective ovens" "**necessarily present**" in the structure described in the original application.  That rigorous standard is always difficult to meet, which is likely why Plaintiff does not argue it was met.  On the facts of this case, a claim of inherency would be frivolous.

As stated by the Court of Customs and Patent Appeals (the Federal Circuit's predecessor): "Inherency does not mean that a thing might be done, or that it might happen, as in the instant case, 1 out of 20 odd times; but it must be disclosed, if inherency is claimed, that the thing will necessarily happen."  *In re Draeger*, 32 C.C.P.A. 1217, 1220 (C.C.P.A. 1945); *see also Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998) ("In order for a disclosure to be inherent, however, the missing descriptive matter must *necessarily be present* in the parent application's specification such that one skilled in the art would recognize such a disclosure." (emphasis added)); *Chubb & Son's Lock & Safe Co. v. Omron Tateisi Electronics Co.*, 1976 U.S. Dist. LEXIS 12640, at *26 (D.D.C. 1976) ("Where support must be based on an inherent disclosure, it is not sufficient that a person following the disclosure might obtain the result set forth in the count; it must invariably happen.").  As Professor Chisum explains: "an applicant may by amendment make explicit a disclosure which was implicit in the application as filed.  However, the structural or operational element must have been necessarily present or implicit in the original disclosure.  It is not enough that it might have been present."  4-11 Chisum on Patents § 11.04(4)(a) (emphasis added).

Here, the "convective oven" is not "necessarily present" in the structure Plaintiff describes.  That structure functions perfectly well using the radiative heat lamps actually mentioned in the

specification. Adding a "convective oven" to that structure would be far from "necessary," in fact it would be completely superfluous. The function of the "convective oven" in the structure would be to <u>replace</u> the radiative heat lamp described in the application. It is not enough that the "convective oven" might have been present, it must <u>necessarily</u> be so. 4-11 Chisum on Patents § 11.04(4)(a). No reasonable jury could find "convective ovens" necessarily present. Accordingly, Defendant requests leave to file a motion for reconsideration so that the Court may consider whether "convective ovens" are "necessarily present" in the original application. Applying the proper legal standard, no evidence beyond the original application should be necessary for the Court to make its decision.

**2. The Order Fails to Address Claim 1**

Defendant moved for summary judgment of invalidity of claims 1 and 4-10. The Order refers only to claims 4-10, and omits claim 1. Defendant therefore requests that the Court grant leave to file a motion for reconsideration so that the Court may consider the invalidity of claim 1.

**3. The Order Does Not Identify Specific Facts in Dispute**

The Order alludes to "a martial [sic] issue of fact" with respect to the question of inherency. (Docket No. 44 at 5). First, as explained above, under the proper test, there can be no genuine issue of material fact. Second, the Order fails to identify the specific facts in dispute that the jury must later resolve. *See, e.g., Griffin v. Griffin,* 327 U.S. 220, 225-226 (U.S. 1946) ("the court, on a motion for summary judgment, is required to ascertain by examination of the pleadings and the evidence before it what material facts exist without substantial controversy and what material facts are actually and in good faith controverted"); *see also* Fed. R. Civ. Proc. 56(d).

The closest the Order comes to identifying an issue of fact is an allusion to "several portions [of the Jung declaration] that do suggest that a person of ordinary skill in the art would have thought conductive ovens were *disclosed* by the original application." The Order does not identify a specific passage of the Jung declaration, and in any case, as Professor Chisum states, "[O]ne describes 'the invention, with all its claimed limitations,' 'by such descriptive means as words, structures, figures, diagrams, formulas, etc., that fully set forth the claimed invention.'" 3-7 Chisum on Patents § 7.04(1)(e)(iii) (citing *Lockwood v. American Airlines,* 107 F.3d 1565, 1571-

Motion for Leave    4
Case No. C-07-06166 WHA

1  72 (Fed. Cir. 1997). No portion of the Jung declaration refers to any passage or figure supporting

2  the inherent presence of convection ovens.[1] Defendant therefore requests leave to file a motion for

3  reconsideration so that the Court may consider what, if any "words, structures, figures, diagrams,

4  formulas, etc." <u>of the original application</u> provide any evidence whatsoever upon which a

5  reasonable jury could find that "convective ovens" are disclosed.

6      For the foregoing reasons, Defendant requests that the Court grant leave to file a motion to

7  reconsider the Order.

Beck, Ross, Bismonte & Finley, LLP

Date: June 9, 2008                   By:    /s/
                                       Justin T. Beck
                                       Alfredo A. Bismonte
                                       Ron C. Finley
                                       Jeremy M. Duggan
                                       Attorneys for Defendant and Counterclaimant
                                       Integrated Silicon Solution, Inc.

---

[1] Jung's discussion of the text of the Fleuren reference (Docket No. 39 ¶5), a reference that is cited but not incorporated by reference in the original application, is irrelevant. "[A] mere reference to another application, or patent, or publication is not an incorporation of anything therein into the application containing such reference for the purposes of the disclosure required by 35 U.S.C. § 112." *In re De Seversky,* 474 F2d 671, 674 (C.C.P.A. 1973).

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900